IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:22-cr-00240 |
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BRANDON SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Brandon Sanders's ("Sanders") motion to reduce

sentence under 18 U.S.C. § 3582(c)(2), U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.10, and

U.S.S.G. Amendment 821.  ECF Doc. 39.  The government opposes Sanders's motion.  ECF

Doc. 41.  For the following reasons, the Court UNDERLINE_DENIES Sanders's motion for sentence

reduction under Amendment 821.

Background and Procedural History

In August 2022, Sanders pleaded guilty to a superseding indictment (ECF Doc. 2),

without a plea agreement (ECF Doc. 14), that charged him with four counts of bank robbery,

in Cleveland, Shaker Heights, Twinsburg, and University Heights.  ECF Minutes of

Proceeding, 8/25/2022.  In December 2022, the Court sentenced Sanders to 120 months, with

credit for time served, three years supervised release, a $400 special assessment, and $8,004

in restitution.  ECF Docs. 23, 24.  Sanders appealed to the Sixth Circuit Court of Appeals

(ECF Doc. 26), and in January 2024, the Sixth Circuit affirmed his sentence.  ECF Doc. 37,

*United States v. Sanders*, No. 22-4051, 2024 U.S. App. LEXIS 153 (6th Cir. Jan. 2, 2024).

On March 4, 2024, Sanders filed a motion to reduce sentence – 821 Amendment.

ECF Doc. 39.  On March 13, 2024, he supplemented his motion with a handwritten note to

the Court and his Bureau of Prisons' records.  ECF Docs. 40, 40-1, 40-2.  The following day, the government filed its motion in opposition.  ECF Doc. 41.  Sanders is 30 years old.[1]  His projected release date is September 6, 2030.  *Id.*

## Standard

In Part A to Amendment 821 to the U.S.S.G., the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under
> subsections (a) through (d), and (2) committed the instant offense while
> under any criminal justice sentence, including probation, parole,
> supervised release, imprisonment, work release, or escape status.

A defendant who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of two, while a person who otherwise presents 6 criminal history points or fewer receives no status points.  On August 24, 2023, the Commission decreed that this change applies retroactively.  In accordance with *Dillon v. United States*, 560 U.S. 817 (2010), after determining a defendant's eligibility for a sentence reduction under Amendment 821, the Court considers the § 3553(a) sentencing factors before deciding whether to exercise its discretion and grant a sentence reduction.  *Dillon*, 560 U.S. at 827.

## Analysis

The parties agree that under Amendment 821, Sanders is eligible for a reduction in sentence.  ECF Docs. 39, 41 ("The government acknowledges that Sanders is eligible for a reduction").  Specifically, the two status points that Sanders received for committing the instant offenses while on supervision, should now be only one status point.  Consequently,

---

[1] Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/ (last accessed 3/15/2024).

this would lower Sanders's criminal history category from V to IV, which would in turn, lower Sanders's guideline range from 100 to 125 months to 84 to 105 months.  ECF Doc. 39, PageID# 223.  Here, Sanders seeks a reduced sentence from 120 months to 92 months.  *Id.* at PageID# 221.

The government opposes Sanders's requested relief.  ECF Doc. 41.  The government asks that the Court exercise its discretion and deny Sanders's motion due to the risks he poses to the community and public safety.  *Id.* at PageID# 240.  The Court concurs.  The Court exercises its discretion and denies Sanders's motion for sentence reduction because the § 3553(a) factors weigh heavily against Sanders's requested relief.

First, Sanders has an extensive criminal history.  Sanders is currently 30 years old, and his involvement with the criminal justice system started when he was 14 years old.  ECF Doc. 18.  Sanders's juvenile adjudications include felonious assault (3rd degree felony), receiving stolen property, falsification under oath, obstructing official business, and probation violations.  *Id.* at PageID## 74-76.  At age 18, Sanders was convicted for breaking and entering and theft.  *Id.* at PageID## 76-77.  At age 19, Sanders was convicted of aggravated robbery (1st degree felony) and sentenced to 9 years imprisonment.  *Id.* at PageID# 77.  While incarcerated, it appears that Sanders had "over 148 conduct reports for various rule violations" for "being out of place, possessing contraband (drugs, prohibited items), disobedience, disrespect, threatening, lying, fighting, physical resistance, unauthorized group activities, destruction of property, and obscene acts."  *Id.* at PageID# 76.

Second, a sentence of longer than nine years is needed to deter Sanders from committing future criminal conduct.  Sanders was released on supervision on October 30, 2021, after serving a nine-year prison sentence.  *Id.* at PageID# 77.  Less than four months

later, he committed the four robberies in this case.  ECF Doc. 2.  Sanders was still wearing his GPS ankle monitor when he robbed the four banks.  ECF Doc. 18, PageID# 70. Therefore, it is reasonable to conclude that a sentence greater than nine years is needed to deter Sanders from future criminal conduct.

Third, even if the Sanders's advisory guideline range would be lower today due to the retroactive Amendment 821, the Court would vary upward and impose the same ten-year sentence.  Sanders's history of violent and aggressive behavior as a juvenile, an adult, in prison, and out of prison is troubling.  His disregard for his community members' safety and security mandates a higher sentence.  Simply put, he poses a very real danger to public safety and a reduction in sentence is not in the public's interest.

The Court acknowledges Sanders's certificates of completion for adult continuing education classes, his letter to the Court, and the fact that his Bureau of Prisons record indicates no recent disciplinary incidents.  ECF Docs. 40-1, 40-2.  These positive developments reflect Sanders's growing maturity, commitment to change, and they indicate that he is on the right path.  Even considering these facts, the Court believes a sentence of 120 months remains necessary.  Accordingly, Sanders's motion is denied.

<u>Conclusion</u>

The Court finds that even though Sanders is eligible for a sentence reduction under Amendment 821, the § 3553(a) factors weigh heavily against his requested relief. Accordingly, the Court <u>DENIES</u> Sanders's motion for sentence reduction.

Date: March 18, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge
