IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  1:22-cr-00240 |
| ) | |
| Plaintiff-Respondent, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| BRANDON SANDERS, ) | **OPINION & ORDER** |
| ) | |
| Defendant-Petitioner. ) | |
| ) | |

On August 25, 2025, Defendant-Petitioner Brandon Sanders ("Sanders") filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 49. Defense counsel filed a supplement on October 27, 2025. ECF 52. The Government filed a response in opposition on November 13, 2025. ECF 54. Sanders filed his reply brief on December 1, 2025, ECF 55, and an additional supplement on December 12, 2025, ECF 58. For the reasons discussed herein, Sanders' motion is **DENIED**.

**I.  BACKGROUND**

In August 2022, Sanders pled guilty to four counts of bank robbery under 18 U.S.C. § 2113(a) and (f). In December 2022, this Court sentenced Sanders to 120 months, with credit for time served; three years supervised release; a $400 special assessment; and $8,004 in restitution. ECF 24. The Sixth Circuit affirmed this sentence over Sanders' appeal. *See United States v. Sanders*, Case No. 22-4051, 2024 U.S. App. LEXIS 153 (Jan. 2, 2024); ECF 37. Sanders' release date is currently scheduled for September 6, 2030.[1]

---

[1] https://www.bop.gov/inmateloc (last accessed Jan. 27, 2026).

On March 4, 2024, Sanders moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821. ECF 39. The Government opposed this motion on March 14, 2024, ECF 41, and this Court denied the motion on March 18, 2024, ECF 43. In denying the motion, the Court found that "even though Sanders is eligible for a sentence reduction under Amendment 821, the § 3553(a) factors weigh heavily against his requested relief." ECF 42. The Sixth Circuit affirmed this Court's denial of that motion. *See United States v. Sanders*, Case No. 24-3249, 2024 U.S. App. LEXIS 27190 (Oct. 25, 2024); ECF 46.

On August 5, 2025, Sanders motioned *pro se* to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), also known as a motion for compassionate release. ECF 47. The Court *sua sponte* denied that motion without prejudice for failure to exhaust his administrative remedies. ECF 48.

On August 25, 2025, Sanders filed the instant motion for compassionate release. ECF 49. Sanders alleges several grounds for relief,[2] chief among which is his father, Kieth Sanders, who was diagnosed with Group 1 prostate cancer. *Id.* at 18; ECF 52 at 1, 13. Both father and son claim Sanders is needed to help his father. ECF 55 at 3-4. Court-appointed defense counsel supplemented Sanders' motion on October 27, 2025. ECF 52. The Government filed a response in opposition to the Motion and Supplement on November 13, 2025. ECF 54. Sanders, through counsel, filed a reply on December 1, 2025, ECF 55, and additional supplemental materials on December 12, 2025, ECF 58.

---

[2] In his *pro se* motion, Sanders also argues ineffective assistance of counsel. ECF 49 at 5-7. However, defense counsel's supplement concedes this argument, noting that the record does not support this claim. ECF 52 at 10-12. The Court agrees, and will, accordingly, decline to address it in this opinion.

2

## II.  LEGAL STANDARD

A defendant may only move for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (cleaned up) (citing 18 U.S.C. § 3582(c)(1)(A)).

Generally, once a district court pronounces a sentence, it may not be modified. 18 U.S.C. § 3582(b)-(c). However, a court may reduce a sentence if (1) extraordinary and compelling reasons are present; (2) a reduction is consistent with applicable Sentencing Commission policy; and (3) the applicable factors in section 3553(a) favor sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of showing they are eligible for a sentence modification. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (generally noting that the defendant has the burden of demonstrating eligibility for a sentence reduction).

Congress did not define "extraordinary and compelling reasons" in section 3582. Congress instead empowered the Sentencing Commission to issue criteria and examples of extraordinary and compelling reasons for sentence reduction. *See United States v. McCall*, 56 F.4th 1048, 1053 (6th Cir. 2022); 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13 (identifying subsets of circumstances that may constitute "extraordinary and compelling reasons"). If a defendant, rather than the BOP, files the motion with the Court, then the district court enjoys wide discretion to identify what constitutes extraordinary and compelling reasons under the statute. *United States v. Jones*, 980 F.3d 1098, 1109-11 (6th Cir. 2020). [3] Even if the defendant can establish extraordinary

---

[3] The Court notes the Government's objection to this proposition. ECF 54 at 5.

3

and compelling reasons, the Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. § 3582(c)(1)(A).

### III. ANALYSIS

#### A. Exhaustion Requirement

The Court cannot entertain a defendant's compassionate release motion unless: (1) the defendant has exhausted all administrative remedies; or (2) at least thirty days have passed since a warden received the defendant's compassionate release request. 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *Alam*, 960 F.3d at 833-34. If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). The Government did so here. *See* ECF 54 at 8-9.

Though Sanders stated that he filed a request with the warden on July 14, 2025 ("First Request"), ECF 49 at 2, he has not provided any supporting documentation (whether in the form of his dated request or a dated denial). This is especially significant when, as the Government has so informed the Court, the BOP has no record of Sanders making the request. ECF 54-1 at 1. Sanders, in his Reply, noted that he had been transferred in September 2025 from USP Hazelton to USP Coleman I[4] and that it could take up to ninety days for his property, including legal paperwork, to be transferred to the new facility—a period which had not lapsed at the time of filing his Reply. ECF 55 at 2. At the time of this Order, though, it has been far longer than ninety days, and Sanders has still not furnished any documentation support his assertion.

---

[4] Indeed, during the pendency of this motion, Sanders has again been transferred, this time to USP Victorville.

In any event, Sanders later filed a second application following his transfer to USP Coleman I ("Second Request"). ECF 55-1. While the actual request does not have any date listed on it, the Warden's denial of that request is signed and dated for November 13, 2025. *Id.* In his Reply, Sanders argues that between the delay in transfer of his property from USP Hazelton and the denial of the Second Request, this Court should find that he has satisfied the exhaustion requirement. This argument fails. "While the Court does not dispute the reality of the time lapse, the Court is unable to ignore the *Alam* court's holding that Defendant must either exhaust all administrative remedies within the BOP . . . or at least allowing the BOP thirty days to act on his request before seeking compassionate release on his own motion to this Court." *United States v. Whitsell*, Case No. 09-cr-20236, 2020 WL 3639590, at *3 (E.D. Mich. July 6, 2020) (emphasis added) (rejecting defendant's argument that he had exhausted his administrative remedies when thirty days had not passed before his motion to the court, but had passed by the time of the order); *see also Alam*, 960 F.3d at 836 (dissuading courts from "[sitting] on untimely compassionate release motions until the 30-day window [runs] its course").

Here, the Government has raised the issue of exhaustion, and Sanders has not demonstrated that he applied for a sentence reduction to his applicable warden prior to filing the instant motion. Since "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions," this Court would be required to dismiss the Motion without prejudice.

**B. Extraordinary and Compelling Reasons**

Yet, even if Sanders could demonstrate that he has exhausted his administrative remedies, the Court would still deny his motion on the merits for the reasons set forth below. Sanders alleges several potential extraordinary and compelling reasons for compassionate release including:

5

(1) the need to care for his father; (2) his childhood; and (3) his addiction issues. ECF 52 at 13-18; ECF 55 at 3-6.

On the first argument, Sanders cannot establish an extraordinary and compelling reason because of his family circumstances. The Sentencing Commission considers there to be an extraordinary and compelling reason if: (1) the defendant's parent is incapacitated; and (2) the defendant is the only available caregiver. 18 U.S.C.S. Appx § 1B1.13. Sanders has provided medical records supporting his father's diagnosis. *See* ECF 58-1. He also stated that his father has no other children, is not married, and does not have any siblings who are medically and physically available to care for him. ECF 55 at 3. However, Sanders has not provided any sort of explanation for how he would provide care beyond general assertions of "helping him attend medical appointments and living with him to help take care of daily tasks." *Id.* Nor does Sanders suggest that his father's condition has recently rapidly deteriorated or otherwise identified any sort of meaningful support or aid that he is not currently receiving. While the Court is certainly sympathetic to his father's situation, just Sanders being "beneficial to helping him" does not rise to an extraordinary and compelling reason. ECF 58 at 2.

The Court likewise declines to find Sanders' childhood and addiction issues are extraordinary and compelling reasons for compassionate release. The Court was aware of this information when it gave its sentence. *See, e.g.*, ECF 20 at 3-4 (Sanders' sentencing memorandum); ECF 33 at 7:15-8:18 (transcript from December 6, 2022, sentencing hearing); *see also United States v. McKinnie,* 24 F.4th 583, 588 (6th Cir. 2022) ("[F]acts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction."). And while his progress in his rehabilitation and self-improvement is commendable, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary

6

and compelling reason" for compassionate release. 28 U.S.C. § 994(t); *see also United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t)).

Sanders also argues that the differences in average sentences imposed or recommended between now and his conviction may mitigate his sentence. ECF 49 at 15-17; ECF 52 at 14-15; ECF 55 at 5. However, as defense counsel noted, "a change in the law may be considered" for determining the extent of a sentence reduction only "if a defendant otherwise establishes that extraordinary and compelling reasons" exist. ECF 52 at 14. Additionally, Sanders already made a similar argument in his Amendment 821 motion, ECF 39, which the Court rejected because "even though Sanders [was] eligible for a sentence reduction under Amendment 821, the § 3553(a) factors weigh[ed] heavily against his requested relief," ECF 42 at 4. And, as discussed below, Sanders has not provided any evidence that would change the Court's analysis of the section 3553(a) factors.

### C. Section 3553(a) Factors

Even if the Court believed that Sanders both satisfied the exhaustion requirement (which he has not) and had an "extraordinary and compelling" reason (which he does not), the Court must still find that any reduction would be "consistent with applicable policy statements issued by the Sentencing Commission, and consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Elias*, 984 F.3d at 518 (cleaned up) (quoting *Jones*, 980 F.3d at 1101). Just last year, this Court reevaluated Sanders' sentence under the section 3553(a) factors and found that they "weigh heavily against" reduction. *See* ECF 42 at 3-4. Sanders' progress towards rehabilitation is noted; however, only ten months have elapsed since this Court deemed such steps insufficient. *Id.* at 4. The circumstances between the Court's prior order and now have not sufficiently changed to warrant a different analysis.

## IV. CONCLUSION

The Court finds that Sanders is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) because he did not properly exhaust his administrative remedies prior to filing his motion. And even if he were eligible, has he not established an extraordinary and compelling reason, and the section 3553(a) factors continue to weigh against his requested relief. Accordingly, the Court **DENIES** the Defendant's motion for sentence reduction.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**Date:** January 28, 2026        **United States District Judge**